IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BRODERICK DALE NELSON,

     Petitioner,

v.                           CIVIL ACTION NO. 1:14-15228

BART MASTERS, Warden,

     Respondent.

### MEMORANDUM OPINION AND ORDER AND NOTICE

Pending before the Court is plaintiff's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).  By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### I. Background

On April 23, 2014, Broderick Dale Nelson, pro se, an inmate incarcerated at the Federal Correctional Institution McDowell in Welch, West Virginia,[1] filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 4, 2010, Petitioner pled guilty, without a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in the United States

---

[1]  The BOP's Inmate Locater indicates that Nelson is currently incarcerated at FCI Butner Medium I.

District Court for the Middle District of North Carolina.   On

July 20, 2010, Petitioner was sentenced to a term of imprisonment

of 120 months in prison, followed by a three-year term of

supervised release.   A Judgment to that effect was entered on

August 19, 2010.   (Judgment, United States v. Nelson, Case No.

1:09-cr-00297-01 (M.D.N.C., Aug. 19, 2010, ECF No. 9)).

Petitioner did not appeal his conviction and sentence to the

United States Court of Appeals for the Fourth Circuit.[2]

On August 13, 2012, Petitioner filed a pro se Motion to

Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255,

asserting that his conviction was no longer valid under the

decision of the United States Court of Appeals for the Fourth

Circuit in United States v. Simmons, 649 F.3d 327 (4th Cir.

2011), because he did not face more than a year in prison for the

predicate felony supporting his conviction.   (Id., ECF No. 10).

Petitioner also challenged an enhancement he received under

section 2K2.1(a)(2) of the United States Sentencing Guidelines

("USSG") for committing the instant offense subsequent to two

---

[2] According to the Fourth Circuit's docket, on October 21, 2010,
an appellate action (Case No. 10-5098) was opened to address the
appeal of the revocation of a prior term of supervised release
imposed by the United States District Court for the Western
District of North Carolina in Case No. 3:04-cr-00082-FDW-DSC-1
filed in that Court.   See United States v. Nelson, 437 F. App'x
210, 2011 WL 2631346 (4th Cir. July 5, 2011).   However, the
Fourth Circuit docket does not indicate any filings related to
Petitioner's conviction in the Middle District of North Carolina.

prior felony convictions for a crime of violence or a controlled substance offense.  Petitioner contended that his prior convictions should not be counted as felonies following Simmons.[3] On September 29, 2015, the United States District Court for the Middle District of North Carolina denied Petitioner's section 2255 motion and also denied a certificate of appealability, finding that the predicate felony for Petitioner's section 922(g)(1) conviction was a prior section 922(g)(1) conviction in the United States District Court for the Western District of North Carolina and, thus, Simmons had no application in that context.  The North Carolina District Court further held that Petitioner's claim concerning his Sentencing Guidelines enhancement was foreclosed by the Fourth Circuit's decision in United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850, 192 L. Ed.2d 805 (2015). (Id., ECF No. 26).

On April 23, 2014, while his section 2255 motion was pending, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this District Court.  The Petitioner again challenges the validity of his sentence; in

---

[3]  The Federal Public Defender for the Middle District of North Carolina was subsequently appointed to represent Petitioner with respect to any issues related to Simmons and the decision of the United States Supreme Court in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). (Id., ECF No. 12).

3

particular, Petitioner asserts that, following <u>Simmons</u>, his prior breaking and entering conviction should not have been considered as a predicate felony resulting in a higher base offense level under USSG § 2K2.1(a)(2).[4]

On June 26, 2015, the United States Supreme Court issued its decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015).  In <u>Johnson</u>, the Supreme Court considered a provision of the Armed Career Criminal Act (hereinafter the "ACCA" or "the Act") that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable:

> by imprisonment for a term exceeding one year . . . that
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The bolded portion of this definition has come to be known as the Act's "residual

---

[4]  According to his section 2241 petition documents, Petitioner still had another prior felony conviction for the sale of cocaine, which would be counted as a prior felony conviction under USSG § 2K2.1(a)(4), resulting in a base offense level of 20, rather than the level 24 imposed under USSG § 2K2.1(a)(2).

clause." In <u>Johnson</u>, the Supreme Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-63.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether <u>Johnson</u> applies retroactively to the sentences of defendants whose judgments had previously become final. <u>Welch v. United States</u>, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that <u>Johnson</u> changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

On June 8, 2016, the United States Court of Appeals for the Fourth Circuit decided <u>In re Creadell Hubbard</u>, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016), granting a request for authorization to file a second or successive section 2255 motion filed by a petitioner seeking to challenge his career offender enhancement under the Sentencing Guidelines based upon <u>Johnson</u>.[5]

_____

[5] The majority of circuit courts that have addressed the issue have concluded that <u>Johnson</u> provides a basis for authorization of a successive section 2255 challenging the career offender

5

Petitioner has not sought an amendment of his section 2241 petition to raise a claim based upon <u>Johnson</u>, <u>Welch</u> or <u>Hubbard</u>.

## II. <u>Analysis</u>

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.  28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  <u>In re Jones</u> relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

---

enhancement provisions of the Sentencing Guidelines.  <u>See</u> <u>In re Robinson</u>, No. 16-11304-D, ___ F.3d ___, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (noting that every circuit except the Eleventh has held or assumed <u>Johnson</u> applies to the Sentencing Guidelines).

> entertained if it appears that the applicant has failed
> to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the
> legality of his detention.

This section is known as the "savings clause."  The fact that

relief under section 2255 is procedurally barred does not render

such remedy inadequate or ineffective to test the legality of the

petitioner's detention.  <u>Id.</u> at 332.

　　　Petitioner's claim is properly reviewed under section 2255,

not section 2241, because it involves the imposition, rather than

the execution of his sentence.  Thus, before considering the

petitioner's section 2241 petition on its merits, the court must

determine whether the remedy under section 2255 is inadequate or

ineffective to test the legality of the petitioner's detention in

order that he may pursue such relief under section 2241.  The

Fourth Circuit has long held that:

> §  2255 is inadequate and ineffective to test the
> legality of a conviction when: (1) at the time of the
> conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first §
> 2255 motion, the substantive law changed such that the
> conduct of which the prisoner was convicted is deemed
> not to be criminal; and (3) the prisoner cannot satisfy
> the gate-keeping provisions of § 2255 because the new
> rule is not one of constitutional law.[6]

---

[6] The "gatekeeping" requirements provide that an individual may
only file a second or successive § 2255 motion if the claim
sought to be raised presents:

　　　(1) newly discovered evidence that, if proven and

<u>Jones</u>, 226 F.3d at 333-34.  Using this three-factor analysis, Petitioner does not present claims that fall within the savings clause exception and, thus, are not properly brought under section 2241.  The Fourth Circuit has specifically held that section 2241 is not an appropriate vehicle by which a petitioner may "secure resentencing based upon the argument that an intervening law has changed the classification of [a petitioner's] prior convictions so that a sentencing enhancement no longer applies."  <u>Terry v. Stewart</u>, No. TDC-15-0841, 2016 WL 1117407 at *3-4 (D. Md. Mar. 31, 2016) (citing <u>United States v. Surratt</u>, 797 F.3d 240-, 247 (4th Cir. 2015)).  Furthermore, to the extent that Petitioner's section 2241 petition challenges his conviction and sentence under <u>Simmons</u>, that issue was resolved unfavorably to him in his prior section 2255 motion filed in the Middle District of North Carolina.  He cannot use section 2241 to rehash claims previously found to be unmeritorious.  However, in light of the subsequent decisions in <u>Johnson</u>, <u>Welch</u>, and <u>Hubbard</u>, Petitioner may now be able to meet the gate-keeping provisions of

---

      viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; <u>see</u> <u>Jones</u>, 226 F.3d at 330.

section 2255 and seek relief thereunder in his court of conviction.[7]

In light of the fact that Petitioner's claims are not properly brought under section 2241, his section 2241 petition "must either be dismissed or construed as a section 2255 motion" and transferred to Petitioner's court of conviction, as this court would lack jurisdiction to consider his 2255 motion. See Pack v. Yuseff, 218 F.3d 448, 452 (5th Cir. 2000); United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008). However, because the Petitioner unsuccessfully filed a prior 2255 motion in the Middle District of North Carolina, if he wishes to pursue relief under section 2255, he must seek authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

The petitioner is hereby **NOTIFIED** that section 2255 provides a time limit on filing such motions:

---

[7] Because the Supreme Court has announced in Welch that Johnson is a new rule of constitutional law made retroactive to cases on collateral review, the Petitioner cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention because he now effectively meets the gatekeeping provisions of section 2255.

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

>    (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>    **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;** or

>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).  The petitioner is further **NOTIFIED** that the one-year statute of limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expires on **June 26, 2016**.  In light of this looming deadline, the undersigned believes that the most appropriate course of action is to construe the section 2241 petition as a second or successive section 2255 motion and to transfer the same to the United States Court of Appeals for the Fourth Circuit for consideration for authorization pursuant to 28 U.S.C. §§ 2244(a) and 2255(h)(2).

### III. CONCLUSION

For reasons appearing to the Court, it is hereby **ORDERED** that the reference of this matter to Magistrate Judge Tinsley is **WITHDRAWN**.  Furthermore, for the reasons stated herein, it is hereby **ORDERED** that the instant section 2241 petition is construed as a second or successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and it is further **ORDERED** that the same be **TRANSFERRED** to the United States Court of Appeals for the Fourth Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h) as to whether the petitioner should be authorized to file a second or successive section 2255 motion in the United States District Court for the Middle District of North Carolina.

The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order and Notice to Petitioner.

It is so **ORDERED** this 23rd day of June, 2016.

ENTER:

David A. Faber
Senior United States District Judge

11